IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH B. QUANSAH, JR., | CASE NO. 5:13-cv-05940 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS** |
| v. | |
| COMMISSIONER, SOCIAL SECURITY & DISABILITY ADMINISTRATION, et. al., | |
| | [Docket Item No(s). 7, 18] |
| Defendant(s). | |

Plaintiff Kenneth B. Quansah, Jr. ("Plaintiff") initiated the instant action on December 23, 2013, against three categories of defendants. The first category includes the Commissioner of the Social Security and Disability Administration and individual employees of the Social Security Administration's branch office in Campbell, California (collectively, the "Federal Defendants"). The second category includes the State of California Department of Social Services and Disability Determination Division and unknown administrators of that division (collectively, the "State Defendants"). The third category includes the Santa Clara Valley Transportation Authority (the "VTA"), that agency's former general manager Michael Burns, and "unknown bus drivers, ticket sales representatives and ticket checkers" (collectively, the "VTA Defendants"). See Compl., Docket Item No. 1.

Presently before the court are two matters: (1) the Federal Defendants' Motion to Dismiss

1
CASE NO. 5:13-cv-05940 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and (2) the VTA Defendants' Motion to Dismiss, or alternatively to quash service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5).  See Docket Item Nos. 7, 18.  Plaintiff has filed certain documents in response to these motions all of which the court has construed as his written opposition.[1]  See Docket Item Nos. 12, 14-16, 19-21.

Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1343.  The court finds these matters suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).  The hearing scheduled for May 30, 2014, will therefore be vacated.  Because the court finds the motions meritorious, both will be granted for the reasons explained below.

## I.   BACKGROUND

Liberally construed, Plaintiff's Complaint reveals the following facts.  Plaintiff alleges the Federal Defendants refused to pay him disability benefits despite a prior evaluation by unidentified "State doctors" which qualified Plaintiff as disabled.  See Compl., Docket Item No. 1, at 3:2-17.  Based on documents submitted by the Federal Defendants, Plaintiff is most likely referring to a determination in 2010 by the Social Security Administration ("SSA") which designated Plaintiff as ineligible for disability insurance benefits under Title II for a non-medical reason; he had not worked long enough to qualify.  See Decl. of Erika Leonard ("Leonard Decl."), Docket Item No. 18, at Ex. 1.[2]  Plaintiff filed a timely request for reconsideration of that determination in January, 2011.  Id. at

---

[1] Most of the documents filed by Plaintiff in response to these motions are untimely and the VTA Defendants have requested they be stricken for that reason.  See Civ. L.R. 7-3(a) ("Any opposition to a motion . . . must be filed and served not more than 14 days after the motion was filed.").  But while the objection is well-taken, the court will not strike Plaintiff's filings in light of his unrepresented status and because the court finds no prejudice from their consideration.  See Abassi v. INS, 305 F.3d 1028, 1032 (9th Cir. 2002).  Plaintiff is notified, however, that he is expected to abide by all procedural rules in the future including those imposing filing deadlines.  See Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986) (stating that a pro se party is "expected to abide by the rules of the court in which he litigates.").  Future non-compliance may not be overlooked.

[2] The court takes judicial notice of SSA's correspondence to Plaintiff dated November 14, 2010, the Request for Reconsideration received on January 5, 2011, and the subsequent appointment notice dated March 14, 2014, because they are records maintained by a federal agency.  See Fed. R. Civ. P. 201; see also United States v. 14.02 Acres, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and 'reports of administrative bodies.'").

1  Ex. 2. That request apparently remains outstanding since a response from SSA could not be located.
2  Id. at ¶ 8. SSA has scheduled an appointment for Plaintiff to discuss the matter. Id. at Ex. 3.[3]

3  As to the VTA Defendants, Plaintiff alleges they "intentionally refused him services on its
4  Buses and Light Rail Trains" even though he is a "state approved" disabled person. See Compl., at
5  4:13-19. He further alleges that he was "confronted with hostility" when he tried to ride on a bus or
6  train and was denied the fare offered to disabled individuals despite identification showing that he is
7  disabled. Id. at 3:23-4:6.

8  Based on these allegations, Plaintiff brings claims against all defendants under 42 U.S.C. §
9  1983 for violations of the due process and equal protection clauses of the Fourteenth Amendment.
10  He also asserts certain tort claims, including negligence, intentional infliction of emotional distress,
11  and harassment against all defendants.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

---

[3] As an aside, the Federal Defendants assert that Plaintiff is receiving Title II retirement insurance benefits and was found qualified for disability benefits under the needs-based Title XVI Supplemental Security Income program after he was evaluated by California's Disability Determination Service ("DDS"). See Leonard Decl., at ¶ 5. The involvement of DDS in Plaintiff's related claim for disability benefits may explain why the State Defendants are implicated in this lawsuit.

3
CASE NO. 5:13-cv-05940 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS

### B.     Federal Rule of Civil Procedure 12(b)(5)

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988); see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Mere notice that a lawsuit is pending is not sufficient. Rohit Biochem Pvt. Ltd. v. Arya Group, Inc., No. CIV S-07-1575 FCD GGH, 2009 WL 1635175, 2009 U.S. Dist. LEXIS 48740, at *3 (E.D. Cal. June 10, 2009) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987)).

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to challenge the mode or method of service of the summons and complaint. Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (citing Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993)). If service of process is insufficient, the court may dismiss an action or simply quash the service. See, e.g., S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006).

### C.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider

United States District Court
For the Northern District of California

any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.   DISCUSSION

#### A.   The Federal Defendants' Motion to Dismiss

The Federal Defendants argue this action must be dismissed because (1) Plaintiff has not demonstrated a basis for subject matter jurisdiction and (2) Plaintiff did not exhaust his administrative remedies before filing this action. The court agrees with the Federal Defendants on both points.

Plaintiff faces a significant challenge in demonstrating a basis for subject matter jurisdiction over his claims against the Federal Defendants. Since Plaintiff has sued a federal official and employees of a federal agency, he must overcome the litigation bar imposed by sovereign immunity.[4] "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Any waiver of sovereign immunity must be "unequivocally expressed," and will be strictly construed in favor of the sovereign. United States v. Nordic Vill. Inc., 503 U.S. 30, 34 (1992).

For this case, the court looks to the Social Security Act ("the Act") considering the substance

---

[4] "The doctrine of sovereign immunity applies to federal agencies and federal officials acting within their official capacities." Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997). It would also apply to the individually named employees in this case since the Attorney General filed a certification pursuant to 28 U.S.C. § 2679(d). See Docket Item No. 17.

of Plaintiff's allegations.  Doing so reveals that the waiver of sovereign immunity contained in the Act is a narrow one.  Indeed, the Act allows only for judicial review of a "final decision" of the Commissioner of Social Security and specifically precludes any other action to recover on any claim arising under the Act.  See 42 U.S.C. §§ 405(g), (h); see also Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 779 (9th Cir. 2000) (holding that § 405(h) "is a complete bar to federal question jurisdiction . . . unless 'application of § 405(h) would not simply channel review through the agency, but would mean no review at all.'" (quoting Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 19 (2000))).  The Act also specifies that, when reviewing a final decision of the Commissioner, the court may only "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

The limited waiver of sovereign immunity designated by the Act means that the court lacks subject matter jurisdiction over any of Plaintiff's claims or requests for relief with respect to the Title II disability insurance claim denial because they are not yet premised on the judicial review of a "final decision"[5] by the Commissioner under 42 U.S.C. § 405(g).  This would include any damages requests for "monthly disability benefits pay" or "monthly disability back pay."

Similarly, the court lacks subject matter jurisdiction over any tort claims because Plaintiff has not shown that he exhausted his administrative remedies under the Federal Tort Claims Act. "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or

---

[5] A "final decision" of the Commissioner can only be obtained after the exhaustion of all administrative remedies provided by SSA.  See Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1988) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim.  To obtain a hearing, the claimant must (1) present a claim to the Secretary and obtain an initial determination; (2) seek reconsideration; and (3) after reconsideration, request a hearing before an administrative law judge.  The decision made following the hearing does not become the final decision of the Secretary until the claimant requests review by the appeals council, and the appeals council either grants or denies review.").  Here, Plaintiff has not shown that he obtained a "final decision" after exhausting all of the SSA's administrative remedies.  Indeed, it appears Plaintiff only completed two steps of the process by obtaining an initial determination and then seeking reconsideration before commencing this action.

omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a) (emphasis added).  "The requirement of an administrative claim is jurisdictional" and demands strict compliance.  Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).  For that reason, the claims for negligence, intentional infliction of emotional distress and harassment are not properly before the court.

In any event, the court would lack jurisdiction over these tort claims even if Plaintiff had plead exhaustion because Congress has not allowed plaintiffs "a remedy in damages for emotional distress or for other hardships suffered because of delays in their receipt of Social Security benefits." Schweiker v. Chilicky, 487 U.S. 412, 425 (1988).[6]  The same is true of any claim for civil rights violations based on such conduct.  See Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999) ("[S]uits against the United States brought under the civil rights statutes are barred by sovereign immunity."); see also Schweiker, 487 U.S. at 423-25 (holding that an action under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), may not lie for administrative violations of the Social Security Act because "Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration.").

For these reasons, the court concludes under a facial 12(b)(1) challenge that it lacks subject matter jurisdiction over the claims asserted against the Federal Defendants.  To the extent Plaintiff has sought review of the Title II disability insurance benefits denial, such a claim will be dismissed without prejudice so that Plaintiff may pursue an action for review under 42 U.S.C. § 405(g), if and when appropriate based on the discussion above, should he choose to do so.  The civil rights and tort claims asserted against the Federal Defendants will be dismissed with prejudice because the sovereign immunity bar is absolute.  See Frigard v. United States,, 862 F.2d 201, 204 (9th Cir.

---

[6] Plaintiff may be frustrated with the amount of time it has taken to resolve his reconsideration request.  That is certainly understandable.  This delay, however, does not provide a basis for his claims against the Federal Defendants.

7
CASE NO. 5:13-cv-05940 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS

1988).[7]

### B. The VTA Defendants' Motion to Dismiss or Quash Service of Process

Under Rule 12(b)(5), the VTA Defendants argue that the claims against them must be dismissed, or that service of process must be quashed, because the method of service utilized by Plaintiff is insufficient. Plaintiff sent copies of the Summons, Complaint, a blank Notice of Lawsuit and a Request to Waive Service of Summons via certified mail addressed to "Valley Transportation Authority (General Manager, Michael Burns)." See Decl. of Paul D. Ahn ("Ahn Decl."), Docket Item No. 7, at ¶ 3, Ex. A.

Plaintiff brings claims against the a local governmental agency - the VTA.[8] For such a defendant, Federal Rule of Civil Procedure 4(j)(2) requires service by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

When proceeding under Rule 4(j)(2)(B), California law provides the *who* and *how* a summons can be served on a governmental agency. The *who*: a summons may be served on a local governmental entity "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Civ. Proc. Code § 416.50. The *how*: (1) by personal delivery, (2) "by leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left," or (3) by first class mail sent "to the person to be served, together with two copies of the notice and

---

[7] Because this determination is dispositive of Plaintiff's claims against the Federal Defendants, the court does not proceed to the alternative arguments under Rule 12(b)(6).

[8] The VTA Defendants presume without actually demonstrating that the VTA is a local governmental agency and subject to the rules for service on such agencies. This oversight notwithstanding, the court finds it appropriate to take judicial notice of this fact because the VTA's creation was authorized by an act of the California legislature. See Cal. Pub. Util. Code § 100000 et. seq.

United States District Court
For the Northern District of California

8
CASE NO. 5:13-cv-05940 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS

1  acknowledgment [form] . . . and a return envelope, postage prepaid, addressed to the sender."  Cal.
2  Civ. Proc. Code §§ 415.10, 415.20(a), 415.30(a).  Service through the third option "is deemed
3  complete on the date a written acknowledgment of receipt of summons is executed, if such
4  acknowledgment thereafter is returned to the sender."  Cal. Civ. Proc. Code § 415.30(c).

5       Here, the service attempted by Plaintiff does not comply with Rule 4(j)(2) or the provisions
6  of California law incorporated into it.  Plaintiff did not direct service to the correct person when he
7  addressed the envelope to "Valley Transportation Authority (General Manager, Michael Burns)"
8  because service must be directed to one of the individuals listed in either Rule 4(j)(2)(A) or §
9  416.50.  Service on Michael Burns, the former general manager of the VTA, can no longer confer
10  service on the VTA.  See Ahn Decl., at ¶ 6 ("Ms. Nuria Fernandez is the General Manager of Santa
11  Clara Valley Transportation Authority.").

12       Nor did Plaintiff utilize an appropriate method of service.  Sending the Summons and
13  Complaint to the VTA through the mail along with the federal form for waiver of service is not
14  authorized by Rule 4(j)(2) because another part of that same rule, Rule 4(d), only applies the waiver
15  procedure to "[a]n individual, corporation, or association that is subject to service under Rule 4(e),
16  (f), or (h)."  That method also fails under Civil Procedure Code § 415.30 because Plaintiff did not
17  include the correct state form for notice and acknowledgment along with the Summons and
18  Complaint and did not provide a postage-prepaid return envelope.

19       For these reasons, the court will grant the VTA Defendants' motion to quash service of
20  process.  Although the 120-day time limit for completion of service under Rule 4(m) has expired, the
21  court will allow Plaintiff an extension of that deadline in accordance with the order below.

22                    **IV.   ORDER**

23       Based on the foregoing, the hearing scheduled for May 30, 2014, is VACATED and the court
24  rules and orders as follows:

25       1.    The Federal Defendants' Motion to Dismiss (Docket Item No. 18) is GRANTED.
26  Any claim for review of the Title II disability insurance benefits denial is DISMISSED WITHOUT
27  PREJUDICE.  All other claims brought against the Federal Defendants are DISMISSED WITH
28

9
CASE NO. 5:13-cv-05940 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS

1  PREJUDICE.  Judgment will be entered in favor of the Federal Defendants on these claims and they
2  are terminated as parties to this action.
3      2.    The VTA Defendants' Motion (Docket Item No. 7) is GRANTED such
4  that the service by certified mail is QUASHED.  Plaintiff must re-serve the VTA Defendants
5  through an authorized method of service as discussed above and must file proof of such of service in
6  a manner that conforms to Federal Rule of Civil Procedure 4(l) on or before **June 25, 2014.**
7      In addition, the court has reviewed the affidavit of service filed by Plaintiff on February 20,
8  2014 (Docket Item No. 12), and finds that service on the State Defendants is insufficient for the
9  same reasons discussed with regard to the VTA Defendants.  Accordingly, Plaintiff must also re-
10 serve the State Defendants through an authorized method of service and must file proof of such of
11 service in a manner that conforms to Federal Rule of Civil Procedure 4(l) on or before **June 25,**
12 **2014.**
13     Plaintiff is advised that the court will dismiss this action against the VTA Defendants and the
14 State Defendants pursuant to Federal Rule of Civil Procedure 4(m) if proof of proper service is not
15 filed by the designated deadline.
16 **IT IS SO ORDERED.**

Dated:  May 28, 2014

EDWARD J. DAVILA
United States District Judge

10
CASE NO. 5:13-cv-05940 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS